**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 08:47 AM April 23, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RACHEL DAWN FICK, | ) | CASE NO. 14-61560 |
| | ) | |
| Debtor. | ) | ADV. NO. 14-6051 |
| _____ | ) | |
| AARON FICK, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| RACHEL DAWN FICK, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Defendant-debtor seeks a court order requiring Plaintiff, her ex-husband, to sign a release allowing her to obtain information on a mortgage note he executed while they were married and which she was ordered to pay when they divorced. He objects.

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). As the complaint is premised on 11 U.S.C. § 523(a)(15), it arises under title 11, providing for this court's entry of final orders and judgments. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor and her ex-husband married in 1995 and divorced in 2008. During their marriage, they resided at 624 Keen Ave., Ashland, Ohio. The property was mortgaged by both parties but the underlying note was signed by Plaintiff alone.

As part of the separation agreement entered during the divorce, Plaintiff quit-claimed the real estate to Debtor, who became solely responsible for the first mortgage and was to hold Plaintiff harmless. If she fell two months behind on the mortgage, the property was to be listed for sale. She was also to attempt to refinance the mortgage within seventy-two (72) months of the execution of the separation agreement. If she could not do so, she was to list the property for sale. Debtor was entitled to all sale proceeds if the property sold.

Debtor filed a chapter 7 bankruptcy petition on July 11, 2014. She was still living 624 Keen when she filed. She valued the real estate at $98,740 and the mortgage at $99,000. Plaintiff was listed as a co-debtor on the mortgage loan. Her statement of intent indicates she is surrendering the property.

On October 27, 2014, Plaintiff filed an adversary complaint under 11 U.S.C. § 523(a)(15). He claims Debtor's obligation to him for the mortgage under the separation agreement is non-dischargeable.

## DISCUSSION

On March 13, 2015, Debtor filed a motion to require Plaintiff to execute a release which will allow her to obtain information and discuss the mortgage loan with the mortgagee. The motion states that she asked Plaintiff, through counsel, for the release and was refused. According to Debtor, since she signed the mortgage, she is entitled to information on the underlying loan. Defendant responded on March 26, 2015, arguing that this adversary focuses on the debt Debtor owes him and therefore the terms of the mortgage note have no bearing on this adversary. In the event the court grants her request, he asks for it to be limited to documents only to prevent Debtor from passing information to the lender or modifying the note. In her reply, Debtor contends that she is entitled to information because she signed the mortgage lien and is responsible for payments under the note.

Neither party cited a single legal authority in support of their respective positions.

Plaintiff is correct in stating that the hold harmless provision of the separation agreement, which was incorporated into the divorce decree, creates a debt to him. Cheatham v. Cheatham (In re Cheatham), 2009 WL 2827951 (Bankr. N.D. Ohio 2009). The court does not find this alone to be determinative. Debtor's obligation arises vis-à-vis the underlying note. No one disputes that Debtor has a valid ownership interest in the property, signed the mortgage, and was ordered to pay the first mortgage and hold Plaintiff harmless. To now suggest she has no right to information on the note that she must pay and which clouds title to her property is nonsensical. But that does not necessarily mean Debtor is entitled to an order requiring Plaintiff to sign an

open-ended release.

      At its core, this is a discovery issue with Debtor seeking the documentation on the note she was ordered to pay and hold Plaintiff harmless. While Plaintiff suggests that this cannot possibly be relevant to her defense in this adversary, which is a question of dischargeability of the debt to him, the court does not agree. Clearly, documentation from the mortgage company may be relevant to a claim or defense, making it discoverable under Federal Rule of Bankruptcy Procedure 7026(b)(1). Debtor alludes to this in her reply, stating "the legal ramifications of the Note are relevant to the Lender's right to enforce the Mortgage and the Note, and any assignments or changes thereto." (Def.'s Reply, p. 1, ECF No. 19)

      Several avenues for obtaining this information are available to Debtor. She could issue a request for production of documents to Plaintiff, who may or may not have all the documentation in his possession. Alternatively, Debtor can subpoena the records from the mortgage company. The court finds that either of these methods is less intrusive than forcing Plaintiff to sign a release and will therefore deny the relief sought until other avenues have been exhausted. Plaintiff should note that this runaround may delay resolution of this case.

      A separate order will be entered immediately.

                         #       #       #

**Service List:**

Jason T Baker
55 Public Square
Suite 1330
Cleveland, OH 44113

Josiah L Mason
Mason, Mason & Kearns
153 W. Main Street
P O Box 345
Ashland, OH 44805-2219