**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:23 PM August 31, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RACHEL DAWN FICK, | ) | CASE NO. 14-61560 |
| | ) | |
| Debtor. | ) | ADV. NO. 14-6051 |
| _____ | ) | |
| AARON FICK, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| RACHEL DAWN FICK, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Defendant's motion to extend deadlines set forth in the court's Trial and Scheduling Order dated March 5, 2015 is pending. Plaintiff opposes the requested relief.

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). As the complaint is premised on 11 U.S.C. § 523(a)(15), it arises under title 11, providing for this court's entry of final orders and judgments. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

**DISCUSSION**

On August 12, 2015, Defendant-debtor filed a motion to extend the discovery of August 31, 2015, the dispositive motion deadline of September 1, 2015, and to continue the trial scheduled on October 19, 2015. Plaintiff filed a memorandum in opposition on August 28, 2015.

Motions to extend scheduling orders are governed by Bankruptcy Rule 7016(b)(4), adopting Federal Civil Rule 16, providing "[a] schedule may be modified only for good cause and with the judge's consent." Good cause is based on consideration of five factors: '(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to ... discovery requests.' Bentkowski v. Scene Magazine, 637 F.3d 689, 697 (6th Cir. 2011) (quoting Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir.2010)).

According to Defendant, she very recently received voluminous documents from the mortgage company which require additional time to review. Also, she states that a deposition of Plaintiff is now necessary. Her request is for approximately two additional months, for discovery be extended to October 30, 2015 and a new motion deadline set for November 2, 2015.

Plaintiff argues that Defendant had ample time to conduct discovery. He states that he has been fully cooperative and also has, since the filing of the motion to extend, appeared for a deposition. He alleges Defendant has engaged in a pattern of delay. Further, he states that while this proceeding drags out, he continues to make mortgage payments Defendant was ordered to pay.

The court does not agree with Plaintiff's characterizations, specifically his claim that there was a pattern of delay in this proceeding. Defendant did obtain a thirty day extension of her answer deadline shortly after the complaint was filed but that is the only extension obtained. Moreover, this proceeding was filed less than one year ago and the discovery period was less than five months in total.

Further, there is no indication that Plaintiff waited until the last minute to pursue discovery, as indicated by her Request for Production of Documents issued in May 2015. Plaintiff himself acknowledges that the mortgage company rejected Defendant's discovery request for "the file" as overly broad, forcing Defendant to alter and resubmit a request. Based on these facts, the court cannot find a pattern of delay or dilatory action by Defendant.

The court is not unaffected by Plaintiff's predicament and there is no suggestion that Plaintiff has obstructed discovery or otherwise acted in bad faith.[1] But these factors do not weigh against Defendant strongly enough to deny the motion. As a result, the court will grant the motion.

A separate order will be entered immediately.

---

1 Plaintiff did belatedly file the response to the motion to extend by two days.

# # #

**Service List:**

Jason T Baker
55 Public Square
Suite 1330
Cleveland, OH 44113

Josiah L Mason
Mason, Mason & Kearns
153 W. Main Street
P O Box 345
Ashland, OH 44805-2219