**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:57 AM December 1, 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| RACHEL DAWN FICK, | ) CASE NO. 14-61560 |
| | ) |
| Debtor. | ) ADV. NO. 14-06051 |
| _____ | ) |
| | ) JUDGE RUSS KENDIG |
| AARON W. FICK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF OPINION (NOT** |
| | ) **INTENDED FOR PUBLICATION)** |
| RACHEL DAWN FICK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

    This adversary proceeding is before the court on cross motions for summary judgment. Aaron Fick ("Plaintiff") alleges in his complaint that Debtor's obligation to pay the debt secured by the first mortgage ("mortgage debt") on property at 624 Keen Ave., Ashland, Ohio is nondischargeable under 11 U.S.C. § 523(a)(15). Plaintiff moves for summary judgment seeking an order declaring the mortgage debt on the property nondischargeable. Defendant-Debtor ("Debtor"), Rachel Fick, objects and moves for summary judgment claiming that the separation agreement is void or in the alternative that equity demands the Court hold the mortgage dischargeable.

The Court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTUAL AND PROCEDURAL BACKGROUND

Debtor and Plaintiff, her ex-husband, married in 1995. On January 17, 2015, trial was set in the divorce action between the parties. On that day the parties reached an agreement regarding the divorce and memorialized their settlement in a separation agreement. On January 30, 2015, the Cuyahoga County Court of Common Pleas Domestic Relations Division ("Domestic Relations Court") entered a divorce decree which included the agreed upon separation agreement outlining the terms of the divorce.

During their marriage, Plaintiff and Debtor resided at 624 Keen Ave., Ashland, Ohio ("Property"). The Property was mortgaged by both parties but the underlying note was signed by Plaintiff alone. The separation agreement entered during the divorce stipulated that the Plaintiff quit-claim the property to the Debtor. According to the terms of the separation agreement Debtor became solely responsible for the first mortgage and was to hold the Plaintiff harmless regarding the first mortgage and note on the Property.

Debtor filed a chapter 7 bankruptcy petition on July 11, 2014. On October 27, 2014, Plaintiff filed an adversary complaint. Plaintiff claims that Debtor's obligation to him for the mortgage under the separation agreement is non-dischargeable under 11 U.S.C. § 523(a)(15). On August 28, 2015, Plaintiff filed a motion for summary judgment requesting the court except from discharge the Defendant's obligation to hold Plaintiff harmless on the first mortgage. On October 5, 2015, Debtor filed a response arguing that the divorce decree is unenforceable because it is void and in the alternative that the Debtor is entitled to equitable relief. On October 9, 2015, Plaintiff filed a reply to Defendant's response. On November 3, 2015, the Debtor filed a cross-motion for summary judgment again arguing that the divorce decree is unenforceable. On November 11, 2015, Plaintiff filed a response. On November 18, 2015, Debtor filed an amended reply. Because, both Plaintiff and Debtor filed summary judgment motions, the Court will analyze the issues within the framework of competing motions for summary judgment.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (incorporating Federal Rule of Civil Procedure 56 into the bankruptcy rules). In making this determination, the court must view the evidence in a light most favorable to the nonmoving party. Matsushita Elec Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 596-88 (1986). Summary judgment is appropriately entered when a party cannot demonstrate the existence of "an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 371, 323 (1986). The party contesting the dischargeability of a debt has the burden of proving the elements of the relevant exception by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287 (1991).

### II.     Dischargeability of Debt Under 11 U.S.C. § 523(a)(15)

The issue before the court is whether summary judgment should be granted on Plaintiff's claim that the mortgage debt is non-dischargeable under 11 U.S.C. § 523(a)(15). Section 523(a)(15) of the Bankruptcy Code provides, in relevant part, the following:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

Id. A debt is non-dischargeable under § 523(a)(15) when the plaintiff establishes the following: "(1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record." Cheatham v. Cheatham (In re Cheatham), No. 08-63664, 2009 WL 2827951, *4 (Bankr. N.D. Ohio Sept. 2, 2009) (citing Damschroeder v. Williams (In re Williams), 398 B.R. 464, 468 (Bankr. N.D. Ohio 2008)).

In the present case, Plaintiff has established the second and third elements. The debt is not a spousal support obligation but rather the mortgage debt on the Property. The obligation to hold harmless and transferring the Property to Debtor was incurred through the separation agreement. The only issue is whether the debt in question is owed to Plaintiff, the Debtor's ex-spouse.

The Court has previously determined regarding this issue that a mortgage, although payable to the bank, is a debt to a spouse under § 523(a)(15). Cheatham, 2009 WL 2827951, *5; see also Kyer v. Kyer (In re Kyer) No. 12-62512, 2013 WL 3877897, *4 (Bankr. N.D. Ohio July 26, 2013). The adversary proceeding in Cheatham involved a dispute on the dischargeability of a mortgage between a divorced couple. Id. at *1-2. The divorce settlement included language holding the non-debtor spouse harmless on a home line of credit and mortgage. Id. at *2. In Cheatham, the Court held, based on Ohio law, "that the hold harmless language creates a new obligation from the party holding another harmless to the one held harmless." 2009 WL 2827951, *5. That creation of a new right or remedy for the spouse provides the non-debtor spouse with a claim making the debtor-spouse indebted to them. Id.

Here, just as in Cheatham, the Plaintiff is seeking a ruling on whether a mortgage is non-dischargeable under § 523(a)(15). 2009 WL 2827951, at *3-5. The divorce proceedings in both

cases were governed by Ohio law. Both cases involved a divorce with a separation agreement that included a hold harmless clause for the plaintiff in the adversary proceeding. The hold harmless language grants Plaintiff a remedy for breach of the promises in the separation agreement. As such, there is a debt owed to a spouse. Accordingly, just as in Cheatham, the debt is nondischargeable under § 523(a)(15).

### III. Validity of Separation Agreement

Debtor claims that the divorce decree is void because there was never a final hearing as required under Ohio law. Debtor relies on Ohio Revised Code § 3105.10(A) to support her argument that a separation agreement is only valid and enforceable if it is made in open court and read into the record. Debtor's contention is simply not what is required under Ohio law for a valid separation agreement in a divorce proceeding. Ohio appellate courts have determined that there is "no requirement that a settlement agreement must be reached in open court or otherwise be read into the record in order to be enforceable." Richmond v. Evans, No. 101269, 2015-Ohio-870, ¶ 33 (Ohio Ct. App. March 12, 2015). A written divorce agreement that has been executed by both parties is not rendered "unenforceable simply because it was not entered in open court or read into the record at the time the parties reached their agreement." Id. (citing Fowler v. Smith, No. CA2003-02-042, 2003-Ohio-6257, ¶ 16 (Ohio Ct. App. Nov. 24, 2003)).

In the state court divorce proceeding the Domestic Relations Court followed the practice preciously mentioned by other Ohio state courts. It is undisputed that trial in the domestic matter between Debtor and Plaintiff was to be held on January 17, 2015. On the date of trial the parties reached an agreement on the terms of their separation. The parties memorialized the terms of this agreement in the separation agreement they both executed on January 17, 2015. On January 30, 2015, the domestic relations court then entered the divorce decree and separation agreement. Although there was not a hearing on January 30, 2015, Ohio law does not require one. Accordingly, the separation agreement is not void and the hold harmless provision creates a right that is nondischargeable under § 523(a)(15).

### IV. Equitable Considerations

The court will now turn to Debtor's claim that equitable considerations require that the court allow a discharge of the debt. Debtor relies on 11 U.S.C. § 105(a), which states the following:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Bankruptcy courts derive equitable powers from this provision. However, "bankruptcy courts cannot 'use their equitable powers to disregard unambiguous statutory language.'" In re Ulrich, 456 B.R. 345 (Bankr. N.D. Ohio 2011)(quoting In re C-L Cartage Cor., Inc., 899 F.2d 1490,

1494 (6th Cir. 1990)). The equitable powers of § 105(a) may only be invoked if the equitable remedy sought is necessary to effectuate a right granted by another provision of the Bankruptcy Code. In re Ulrich, 456 B.R. at 348-49. Thus, when another provision of the Bankruptcy Code clearly applies and determines the dischargeability of the debt, the court cannot override that provision using the equitable powers in § 105(a).

Here, there is an applicable bankruptcy code provision that governs the outcome of this case. Specifically, § 523(a)(15) applies and determines when a debt incurred in a divorce proceeding is dischargeable. As previously discussed, the debt in question is nondischargeable under § 523(a)(15). Therefore, the Court cannot use its equitable powers to override the straightforward application of § 523(a)(15).

## Conclusion

Based on the foregoing analysis, Plaintiff has meet his burden of showing there is no genuine issue of material fact and judgment as a matter of law regarding the non-dischargeability of the mortgage debt should be entered. Consequently, Plaintiff's motion for summary judgment is **GRANTED** and Debtor's motion for summary judgment is **DENIED**. An order will be entered simultaneously with this opinion.

It is so ordered.

#    #    #

**Service List**:

**Aaron Fick**
32636 Bell Rd.
Avon Lake, OH 44012

**Jason T. Baker**
55 Public Square
Suite 1330
Cleveland, OH 44113

**Rachel Dawn Fick**
624 Keen Avenue
Ashland, OH 44805

**Josiah L. Mason**
Mason, Mason & Kearns
153 W. Main Street
P O Box 345
Ashland, OH 44805-2219